ENTERED ON THE DOCKET
DATE 1-12-95

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

JAN 12  2 08 PM '95

RALPH L. DeLOACH
CLERK
BY _____ DEPUTY
AT TOPEKA, KANS.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

SHANE ABEL, et al.,

   Plaintiffs,

Vs.             No. 93-4070-SAC

THE DEPARTMENT OF CORRECTIONS
OF THE STATE OF KANSAS,

   Defendant.

## MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion in limine (Dk. 39) and on the plaintiffs' motion to settle the pretrial order (Dk. 60). The plaintiffs are current and former correction officers at Lansing Correctional Facility suing to recover overtime compensation. They allege the Kansas Department of Corrections violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), in denying them bona fide meal periods.

**Motion in Limine**

A creature of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence, the motion in limine gives the court the opportunity to take up before

trial those certain and limited evidentiary issues in order to minimize interruptions at trial. *Banque Hypothecaire Du Canton v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D.Md. 1987). The propriety of entering an order in limine depends on the particular situation. *Cipollone v. Liggett Group, Inc.*, 644 F. Supp. 283, 286 (D.N.J. 1986). If the admissibility of certain evidence turns upon what facts are developed at trial, it is the better practice to wait until trial to decide the movant's objections. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987 (1975); *Hunter v. Blair*, 120 F.R.D. 667 (S.D. Ohio 1987). In its discretion, the court may decline deciding a motion in limine which would have little impact on the parties' evidentiary burdens or preparation for trial. *Cipollone*, 644 F. Supp. at 286. A ruling in limine may be subject to change based upon developments at trial, and the ruling does not remove the obligation of the party to object, to move to strike, or to make offers of proof. *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987).

The defendant first seeks an order excluding evidence of an earlier FLSA case, *Brinkman v. The Department of Corrections*, No. 91-4208-C. The defendant also wants to exclude any evidence, including memoranda, that it discontinued roll calls and meal breaks in response to *Brinkman*. The defendant argues this evidence is

2

inadmissible as a subsequent remedial measure under Rule 407 of the Federal Rules of Evidence and as character evidence under Rule 404. Specifically, the defendant contends its decision to discontinue meal breaks and roll calls qualifies as a subsequent remedial measure inadmissible under Rule 407. As for the case of *Brinkman* and the unfavorable result in it, the defendant argues they are inadmissible character evidence under Rule 404. The plaintiffs counter that the *Brinkman* litigation is not Rule 407 evidence, that the evidence of remedial action may be offered for another reason besides showing the defendant's culpability, and that the *Brinkman* litigation is admissible under Rule 404 when offered to prove the defendant's knowledge and willfulness.

Because this motion in limine does not refer with particularity to the likely evidence or possible exhibits, this court will not make any binding evidentiary rulings. The parties may benefit from knowing the court's general impression about these evidentiary issues. If the defendant changed its policies in response to *Brinkman*, then these changes are likely to be subsequent remedial measures under Rule 407. Their admissibility would depend upon them being offered for some purpose other than showing the defendant's culpability, such as impeachment. In addition, the probative value of such evidence must not be substantially outweighed by its unfair prejudice or its

3

likelihood of misleading or confusing the jury. Fed. R. Evid. 403. The *Brinkman* lawsuit, by itself, is not Rule 407 evidence. Certain parts of the lawsuit may be admissible under Rule 404 in proving the defendant's conduct was willful. The filing of the lawsuit in 1991 arguably put the defendant on notice and gave it cause to question and evaluate its position on the meal breaks. As for additional proceedings in *Brinkman*, including the fact that the defendant lost this case, the court expects the plaintiffs will not mention or refer to this evidence without first disclosing it at the bench and demonstrating its temporal relevance in proving their allegations that the defendant acted willfully here.

Arguing that the plaintiffs have failed to allege a claim for missed meal breaks, the defendant seeks an order excluding evidence and allegations that the plaintiffs, on occasion, were denied any kind of a meal break. The court denies the defendant's motion in light of the pretrial order subsequently filed on December 23, 1994. (Dk. 59). The plaintiffs' factual contentions there include the following:

> Plaintiffs also claim that often no relief officer or no permission to leave their post unmanned for a meal break was provided and meal breaks were missed entirely with no overtime paid.
> Plaintiffs claim that they were discouraged from claiming overtime when meal breaks either did not occur or were interrupted, that they were required to log out for meal breaks even when no

4

relief was provided for such a break, or it was not possible due to the exigencies of the position to take a meal break.

(Dk. 59 at 6). By its own terms, the final pretrial order supersedes the pleadings and controls the subsequent course of litigation. (Dk. 59 at 15); *see Dechand v. Insurance Co. of State of Pa.*, 732 F. Supp. 1120, 1121 (D. Kan. 1990); *Hullman v. Bd. of Trustees of Pratt Com. College*, 732 F. Supp. 91, 93 (D. Kan. 1990), *aff'd*, 950 F.2d 665 (10th Cir. 1991). The final pretrial order here plainly includes a claim for missed meal breaks. Consequently, the defendant's argument for excluding this evidence is without force.

## Motion to Settle Pretrial Order

The plaintiffs object that the final pretrial order fails to include their claim for missed meal breaks within the section on the "Nature of the Case." The court denies this motion.

In determining the plaintiffs' claims, this court's practice is to look to the section on the "Plaintiffs' Factual Contentions and Legal Theories," rather than the section on the "Nature of the Case." *See Jones v. Credit Bureau of Garden City, Inc.*, 703 F. Supp. 897, 898 (D. Kan. 1988). The former section is where the plaintiffs' claims should be revealed and developed through the relevant factual contentions and applicable legal theories. In contrast, the latter section is a brief, general

5

statement characterizing the particular action involved. "The pretrial order is a document structured and organized along obvious lines, and the court is logically forced to read and interpret it in light of its various section titles." *Jones*, 703 F. Supp. at 898; *see also Reed v. Keating of Chicago, Inc.*, No. 87-1964-C, 1989 U.S. Dist. LEXIS 15685 (D. Kan. Dec. 13, 1989).

As stated above, the plaintiffs have alleged a claim for missed meal breaks within their factual contentions of the pretrial order. The plaintiffs' right to present this claim at trial does not depend on it also being summarized in the pretrial order's "Nature of the Case." The plaintiffs will not suffer an injustice if the nature of the case omits their claim for missed meal breaks.

IT IS THEREFORE ORDERED that the defendant's motion in limine (Dk. 39) is denied;

IT IS FURTHER ORDERED that the plaintiffs' motion to settle the pretrial order (Dk. 60) is denied.

Dated this 12th day of January, 1995, Topeka, Kansas.

Sam A. Crow, U.S. District Judge